**NATIONAL LABOR RELATIONS BOARD v. RETAIL CLERKS INTERNATIONAL ASS'N, A.F.L., RETAIL CLERKS UNION, LOCAL 648, et al.**

No. 12434.

United States Court of Appeals Ninth Circuit.

Jan. 2, 1951.

Robert N. Denham, Gen. Counsel, David P. Findling, Asso. Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, NLRB, all of Washington, D. C., Louis S. Penfield, Chief Legal Officer, San Francisco, Cal., and Albert M. Dreyer, Attorney, NLRB, Washington, D. C., for petitioner.

Roland C. Davis, J. D. Burdick and Carroll, Davis & Freidenrich, all of San Francisco, Cal., for respondent Retail Clerk's Union, Local 648 and C. H. Jinkerson.

S. G. Lippman, Chicago, Ill., and James F. Galliano, Oakland, Cal., for respondent Retail Clerks Int. Ass'n, James A. Suffridge and A. B. Crossler.

Before BONE, ORR and POPE, Circuit Judges.

PER CURIAM.

On November 3, 1949, the above named Board made an order directing that the respondents shall not "(b) Refuse to bargain collectively with Safeway for the employees in the unit described in paragraph IV of the stipulation in case No. 20-CB-43 by insisting or demanding as a condition to such bargaining that Safeway bargain collectively for supervisory employees of Safeway within the meaning of Section 2(11) of the Act [29 U.S.C.A. § 152]." Thereafter, upon petition to this court for a decree enforcing the order, this court entered its decree containing the same prohibitory language quoted above.

Thereafter the Board filed its petition to adjudge the respondents in civil contempt of this court's decree in that respondents refused to bargain collectively with Safeway for employees in the unit mentioned in the decree unless Safeway will agree to certain demands. These are said to be (1)

that the employees shall be free to strike "in the event that Safeway shall refuse to bargain collectively with respondents for the location managers employed by Safeway; (2) that such location managers "shall be subject to and be entitled to the benefits of any collective bargaining agreement that may be entered into," and (3) that Safeway "shall select all location managers * * * from the membership of Local 648."

A rule to show cause was issued in response to which respondents filed numerous affidavits and a motion to modify the decree by striking from the paragraph quoted above the reference to supervisory employees.

The primary question now presented to us is whether the "location managers" mentioned, are "supervisory employees" within the meaning of the decree.

The language above quoted from the Board's order, which was the language of this court's decree, was inserted in the order and the decree pursuant to a stipulation of the parties. There is therefore nothing to be found in the record to throw any light upon whether the so-called "location managers" were intended to be within the prohibition of the Board's order referring to "supervisory employees."

While it might be possible for this court to make a finding of fact upon the basis of the showing which has been made here as to whether the location managers in question are in fact supervisory employees within the meaning of the Act, we think it inappropriate that such a determination should be made initially by this court upon a petition to adjudge in contempt. In our view this is a matter primarily for determination by the Board upon appropriate evidence to be taken by it. We think we should not be called upon to find the facts in this proceeding based, as it is, upon a stipulated decree.

Accordingly the matter is remanded to the Board to permit it, if it shall be so advised, to take testimony and to make appropriate findings as to whether the location managers should or should not be included within the prohibitory language quoted above. Should the Board undertake such further hearing and supplement its order in accordance with its findings, it will then be in a position to petition this court for a further decree of enforcement.